Case 1:25-cv-00140   Document 15   Filed on 09/19/25 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
September 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BLANCA ESTELLA PEREZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:25-cv-00140 |
| GENERAL MOTORS LLC, *et al.*, | § § § | |
| Defendants. | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Blanca Estella Perez's "Objection to Removal," which the Court construes as Perez's "Motion to Remand,"[1] and Defendant General Motors

---

[1] Perez does not caption nor characterize her filing as a motion and nowhere specifically requests remand. *See generally* Dkt. No. 8. Federal law contemplates that the proper mechanism for objecting to improper removal is a motion to remand. 28 U.S.C. § 1447(c). Federal Rule of Civil Procedure 7 sets out the broad requirements for motions practice in the federal courts and generally requires that a motion for an order: (1) be in writing; (2) state with particularity the grounds for seeking the order; and (3) state the relief sought. Fed. R. Civ. P. 7(b)(1). Though "all attorneys before the Court are expected to familiarize themselves with the relevant procedural rules,"—*Limas v. Creative Edifications, Inc.*, No. 5:20-CV-224, 2021 WL 3931084, at *1 (S.D. Tex. Apr. 2, 2021) (Quiroga, J.); *see also Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC*, No. CIV.A. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) ("Federal litigants and their attorneys are expected to understand and to comply with the Federal Rules of Civil Procedure.")—the Court finds that several factors weigh in favor of treating Perez's filing as a proper motion to remand. First, Perez's filing generally complies in substance with the relevant procedural criteria: (1) Perez filed her "Objection to Removal" within 30 days after General Motors filed its notice of removal; (2) the filing is in writing; (3) the filing states that an order granting relief from improper removal is necessary because all defendants are properly joined; and (4) the filing states that the relief sought is for the Court to "sustain" Perez's objection to removal as to all properly joined defendants. *See generally* Dkt. No. 8; 28 U.S.C. § 1447(c); Fed. R. Civ. P. 7(b)(1). Further, sustaining an objection to removal in this case, where the joinder of non-diverse defendants is contested, would be coextensive with ordering remand because whether the non-diverse defendants are properly joined is dispositive of the Court's diversity jurisdiction over this suit. *See Team Indus. Servs., Inc. v. Am. Safety Indem. Co.*, 347 F. Supp. 2d 366, 369 (S.D. Tex. 2004) (Kent, J.) ("If the district court determines that the plaintiff did not fraudulently join the non-diverse defendants, it must remand the case for lack of subject matter jurisdiction."); *AHI Facility Servs., Inc. v. Clark*, No. 3:18-CV-01571-M, 2018 WL 10435227, at *5 (N.D. Tex. Oct. 10, 2018) (observing after finding non-diverse defendant was properly joined that "diversity jurisdiction is lacking, and the Court must remand this case to state court."); *Jewell v. Dudley L. Moore Ins., Inc.*, 872 F. Supp. 1517, 1520 (M.D. La. 1995) ("[T]his court lacks subject matter jurisdiction if the non-diverse party is properly joined."). Finally, motions practice under Rule 7 is intended, at least in part, to "afford notice of the grounds and prayer of the motion to both the

LLC's "Response to Plaintiff's Objection to Removal" (General Motors' "Response"). Dkt. Nos. 8, 10. For the reasons discussed herein, it is recommended that the Court: (1) **DENY** Perez's Motion to Remand (Dkt. No. 8); and (2) **DISMISS** Payne Auto Group, Inc. and Payne Edinburg, LLC (collectively, the "Payne Defendants") as parties to this action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case arising from a motor vehicle accident involving Perez. Dkt. No. 1-3 at 7. Perez claims that, on or about March 11, 2025, she was negotiating a curve when her vehicle's steering allegedly malfunctioned, resulting in a loss of control and causing her to crash into a ditch. *Id.* Perez brought suit in the 444th Judicial District Court of Cameron County, Texas against manufacturer General Motors and the Payne Defendants, the alleged dealers of the subject vehicle, for negligence, gross negligence, strict products liability, and breach of warranty. *Id.* at 7–11; *see also* Dkt. No. 8 at 2. The Payne Defendants were served with process on May 27 and General Motors was served on May 29. Dkt. Nos. 1-7, 1-8, 1-9.

---

court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990); *see also Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752, 760 (1st Cir. 1996); *Andreas v. Volkswagen of Am., Inc.*, 336 F.3d 789, 793 (8th Cir. 2003); *Strain v. Payette Sch. Dist.* No. 371J, 134 F.3d 379, 1998 WL 41583, at *4 (9th Cir. 1998) (unpublished); *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *In re Aucoin*, 150 B.R. 644, 647 (E.D. La. 1993); *Allen v. Rector*, No. CIVASA98-CA-0193NSN, 2001 WL 694035, at *1 (W.D. Tex. May 4, 2001); *In re: Fore Mach., LLC*, No. 22-40487-MXM-11, 2023 WL 5355840, at *16 (Bankr. N.D. Tex. Aug. 21, 2023); *Alonso v. Agrigenetics, Inc.*, No. CV B-04-005, 2005 WL 8131247, at *3 (S.D. Tex. Mar. 8, 2005) (Tagle, J.). The Court finds that Perez's filing substantially accomplishes these purposes. In fact, the parties themselves list Perez's filing as a pending motion in their recently submitted Joint Discovery/Case Management Plan. *See* Dkt. No. 11 at 5. Accordingly, the Court is within its discretion to construe Perez's filing as a motion to remand. *Cf. Citgo Petroleum Corp. v. M/T BOW FIGHTER*, No. CIV.A. H-07-2950, 2011 WL 2604828, at *1 n.1 (S.D. Tex. June 30, 2011) (Miller, J.) (construing a "request" for court relief contained within a responsive briefing as a motion for relief when the parties had notice of the request and argued its merits).

On June 26, General Motors removed the case under the Court's diversity jurisdiction. Dkt. No. 1 at 1; 28 U.S.C. §§ 1332, 1441(b). In doing so, General Motors argued that the Court should disregard the citizenship of the non-diverse Payne Defendants because they were improperly joined to the suit. Dkt. No. 1 at 5–8. Then on July 9, Perez filed the instant Motion to Remand in which she contends that "joinder of all defendants is proper." Dkt. No. 8 at 2. General Motors responded to Perez's Motion to Remand on July 30. Dkt. No. 10.

## II. LEGAL STANDARD

### A.  *28 U.S.C. § 1447(c): Motion to Remand*

A defendant may remove any civil action from state court to a federal district court that has proper jurisdiction. *See* 28 U.S.C. § 1441(a). But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c). Generally, the federal courts have subject matter jurisdiction over two types of cases: "(1) suits based upon a federal question[;] and (2) suits presenting diversity of citizenship." *Garteiser Honea, P.C. v. Moskowitz*, No. 2:18-CV-00372-JRG, 2018 WL 6617780, at *1 (E.D. Tex. Dec. 18, 2018); *accord Rocha v. Enrique De La Garza (Deceased) Insured (Life Ins.)*, No. 1:23-CV-109, 2023 WL 6147853, at *1 (S.D. Tex. Aug. 30, 2023) (Torteya, III, J.), *report and recommendation adopted sub nom. Rocha v. De La Garza*, No. 1:23-CV-00109, 2023 WL 6932536 (S.D. Tex. Oct. 19, 2023) (Olvera, J.); *see also* 28 U.S.C. §§ 1331, 1332.

As relevant here, diversity jurisdiction exists over all civil actions that are between citizens of different states and in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity," *i.e.*, "if any plaintiff

is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). In order to prevent a plaintiff from denying a defendant a federal forum merely by fraudulently naming a non-diverse defendant, courts disregard the citizenship of improperly joined parties in cases removed under diversity jurisdiction. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009); *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 648 (S.D. Tex. 2005) (Jack, J.).

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts[;] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005). As to this second method for establishing improper joinder, the question boils down to whether "the complaint states a claim under state law against the in-state defendant" under a "Rule 12(b)(6)-type analysis." *Id.* "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.*

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Though "detailed factual allegations" are not required at the pleadings stage, the plaintiff must offer more than just "a formulaic recitation" of legal elements or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Such "threadbare recitals" are not entitled to a presumption of truth. *Id.*

The plausibility standard does not impose a probability requirement, and courts must be mindful of speculating on the likelihood of success on the merits at the pleadings stage. *Id.*; *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 153 (2004). Nonetheless, a complaint must raise the entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555. This requires sufficient factual matter by which a court may draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. In other words, the plaintiff must plead facts that go beyond mere consistency with a defendant's liability; the prospect that a defendant has acted unlawfully must be plausible, not merely possible. *Id.*

In its 12(b)(6) analysis, the Court must accept as true the plaintiff's well-pleaded factual allegations and draw all reasonable inferences in their favor. *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306 (5th Cir. 2021). Similarly, because removal raises significant federalism concerns, the removal statute is to be strictly construed in favor of remand with "all contested factual issues and ambiguities of state law [to be resolved] in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. DISCUSSION

**A.  *Removal is proper because the Payne Defendants were improperly joined to this suit and there is complete diversity among all properly joined parties.***

As stated, Perez asserts claims against not only General Motors, the alleged manufacturer of the vehicle, but also the Payne Defendants, the alleged sellers of said vehicle. Dkt. No. 1-3 at 7–11; *see also* Dkt. No. 8 at 2. Perez's good faith claim for monetary relief in excess of $1,000,000 satisfies the jurisdictional amount. 28 U.S.C. § 1332(a). There is also no question that Perez, a resident and citizen of Texas, is diverse from

General Motors, a limited liability company with citizenship in Delaware and Michigan.[2] Dkt. No. 1-3 at 5; Dkt. No. 1 at 5; *see Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007) ("[T]he state where someone establishes his domicile serves a dual function as his state of citizenship."); *Gu v. INVISTA S.a.r.l.*, 682 F. App'x 316, 317 (5th Cir. 2017) ("[A] limited liability company is a citizen of each state where its partners and members are citizens.") (citing *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008)), *cert. denied*, 583 U.S. 967 (2017). By contrast, Perez's claims against the Payne Defendants presents a jurisdictional problem because they, like Perez, are citizens of Texas and are thus non-diverse.[3] *See* Dkt. No. 1-3 at 6. The ultimate question, then, is whether the Payne Defendants are properly joined to this suit; if they are not, the Court may ignore their citizenship and removal would be proper. *Allen*, 907 F.3d at 183.

Perez's claims, regardless of the theory of recovery proposed, sound in products liability. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.001(b) ("'Products liability action'

---

[2] General Motors is a Delaware limited liability company with its principal place of business in Michigan. Dkt. No. 1 at 5. All of General Motors' member entities are also citizens of Delaware and Michigan. *Id.*

[3] Perez states that the Payne Defendants are non-diverse because they are "entities formed under the laws of Texas." Dkt. No. 1-3 at 6. With respect to Payne Auto Group, Inc., this suffices to establish Texas citizenship because a corporation is a citizen of the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). However, this does not necessarily show that Payne Edinburg, LLC is a citizen of Texas because "[u]nlike a corporation, a limited liability company is not a citizen of the state in which it was organized unless one of its members is a citizen of that state." *Basurto v. Mervyn's, LLC*, No. CIV.A. 3:07-CV-0174-, 2007 WL 390711, at *1 (N.D. Tex. Jan. 30, 2007). Public online records retrieved from the Texas Comptroller's Office reveal that Payne Edinburg LLC's three member-directors are citizens of Texas. *Franchise Tax Account Status*, Texas Comptroller's Office (Aug. 7, 2025, 4:24 PM), https://comptroller.texas.gov/taxes/franchise/account-status/search/32060502278; *Casterline v. OneWest Bank, F.S.B.*, No. CA C-12-150, 2012 WL 5465982, at *4 (S.D. Tex. Oct. 10, 2012) (Owsley, J.) ("The Fifth Circuit has determined that courts may take judicial notice of governmental websites."), *report and recommendation adopted*, No. 2:12-CV-00150, 2012 WL 6630024 (S.D. Tex. Dec. 19, 2012) (Ramos, J.), *aff'd*, 537 F. App'x 314 (5th Cir. 2013). It is unclear whether there are other members. However, the citizenship of its directors conclusively establishes that Payne Edinburg, LLC is, at minimum, a citizen of Texas. *Gu v. INVISTA S.a.r.l.*, 682 F. App'x 316, 317 (5th Cir. 2017), *cert. denied*, 583 U.S. 967 (2017).

means any action against a manufacturer or seller for recovery of damages arising out of personal injury...allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories."). Texas, however, has a "liability-restricting statute" applicable to such cases: the Texas Products Liability Act ("TPLA"), which broadly immunizes non-manufacturing sellers from liability for products defects unless an enumerated exception applies. *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 109 (Tex. 2021); *see generally* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003. Those exceptions are:

> (1) that the seller participated in the design of the product;
> (2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;
> (3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;
> (4) that:
>> (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
>> (B) the warning or instruction was inadequate; and
>> (C) the claimant's harm resulted from the inadequacy of the warning or instruction;
>
> (5) that:
>> (A) the seller made an express factual representation about an aspect of the product;
>> (B) the representation was incorrect;
>> (C) the claimant relied on the representation in obtaining or using the product; and
>> (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;
>
> (6) that:
>> (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
>> (B) the claimant's harm resulted from the defect; or
>
> (7) that the manufacturer of the product is:
>> (A) insolvent; or
>> (B) not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a).

There does not appear to be any serious disagreement that the Payne Defendants are non-manufacturing sellers within the meaning of the TPLA. The statute defines "seller" as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *Id.* § 82.001(3). The Payne Defendants, who Perez alleges "retail the subject product that forms the basis of this lawsuit," "sold the automobile that was defective," and are "authorized Chevy dealers," satisfy this definition. Dkt. No. 1-3 at 6–7; Dkt. No. 8 at 2.

By contrast, a "manufacturer" is "a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." Tex. Civ. Prac. & Rem. Code Ann. § 82.001(4). Relevant to this definition, Perez repeatedly asserts in a generalized fashion that all three defendants designed, manufactured, distributed, marketed, retailed, sold, and otherwise placed the subject vehicle into the stream of commerce. *See* Dkt. No. 1-3 at 7–10.

However, in doing so, Perez vaguely refers to General Motors and the Payne Defendants indistinctly, as though they were interchangeable entities. At no point does Perez specifically single out the Payne Defendants to clarify what role, aside from selling the subject vehicle, she alleges they played in causing her injuries. *See id.* at 7. Perez's allegations are, at best, "naked assertions" devoid of factual support and insufficient to survive a Rule 12(b)(6)-type inquiry. *Iqbal*, 556 U.S. at 678; *see also Coulter v. Deere & Co.*, No. CV H-21-2105, 2022 WL 912778, at *3–4 (S.D. Tex. Mar. 29, 2022) (Rosenthal, C.J.) (holding that plaintiffs failed to plausibly show that defendants were manufacturing

sellers not protected by TPLA immunity, in part, because "the plaintiffs did not allege or argue any facts showing that [the defendants] were manufacturers."); *cf. Albaugh v. Wind Access Eng'g Inc.*, No. 1:23-CV-146, 2024 WL 627557, at *5 (S.D. Tex. Jan. 17, 2024) (Torteya, III, J.) (on a motion to remand: holding that plaintiff's "bare assertion" that defendant "owned, occupied, and/or controlled" the facility in which plaintiff was injured was not a well-pleaded fact to be accepted as true*), report and recommendation adopted*, No. 1:23-CV-146, 2024 WL 625328 (S.D. Tex. Feb. 14, 2024) (Rodriguez, J.). Moreover, Perez did not contest General Motors' assertion, communicated through its notice of removal, that the Payne Defendants are non-manufacturing sellers subject to the TPLA's immunity protection; instead, Perez simply reiterated that the Payne Defendants are car dealers. *See* Dkt. No. 1 at 6–8; *see generally* Dkt. No. 8. In the substantively identical Rule 12(b)(6) motion to dismiss context, it is well settled that failing to respond to arguments in favor of dismissal results in waiver of those issues. *Lewis v. City of Houston*, No. 4:22-CV-00844, 2023 WL 2249991, at *4 (S.D. Tex. Feb. 27, 2023) (Hanen, J.), *aff'd sub nom. Lewis v. Inocencio*, No. 23-20098, 2024 WL 229274 (5th Cir. Jan. 22, 2024). The Court thus finds that the Payne Defendants are non-manufacturing sellers within the meaning of the TPLA.

As non-manufacturing sellers, the Payne Defendants "[are] not liable" for Perez's injuries unless an immunity exception applies. TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a). Perez nowhere references the TPLA or the immunity it creates. *See* Dkt. No. 1-3 at 5–13; *see generally* Dkt. No. 8. Nor does a closer inspection of Perez's factual allegations suffice to bring her claims against the Payne Defendants within a recognized immunity exception. The second, fifth, and seventh immunity exceptions are inapposite. Perez does not allege nor show that the Payne Defendants altered or modified the subject

vehicle or made any express factual representation about an aspect of the vehicle. Nor does Perez claim that General Motors is insolvent or not subject to the jurisdiction of a court.

By contrast, Perez's filings contain an abundance of language relevant to the first and third immunity exceptions: that the seller participated in the design of the defective product or installed a defective product onto the final manufactured product. TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(1), (a)(3). But, as explained above, Perez's rote contentions that all three defendants designed, manufactured, distributed, marketed, retailed, and sold the vehicle in a defective condition are unaccompanied by any well-pleaded facts from which the Court can reasonably infer that the Payne Defendants exercised any control over the vehicle apart from selling it. *See Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations[.]); *accord Coulter*, No. CV H-21-2105, 2022 WL 912778, at *3–4. The first and third exceptions, then, do not apply.

The fourth exception requires that the seller be substantially responsible for an inadequate warning accompanying the defective product. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(4). Again, by means of comprehensive statements directed toward all the defendants, Perez alleges that the Payne Defendants "failed to give adequate and proper warnings and instructions" regarding the alleged steering defect and that they failed to disclose potentially relevant information concerning the safety of the subject vehicle. Dkt. No. 1-3 at 8, 11. But as the statutory text makes clear, the inadequate warning must *accompany* the defective product to come within the exception; it is not enough that the seller fails to provide any warning at all. TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(4). Perez does not allege nor identify any warning or instruction, let alone an

inadequate one, which accompanied the subject vehicle. Though the Court is bound to draw all reasonable inferences in Perez's favor, it need not "conjure up unpled allegations or construe elaborately arcane scripts to save a complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotations omitted) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

But even if the Court inferred the existence of an inadequate warning, Perez still cannot come within the fourth immunity exception because she does not plead that the Payne Defendants exercised substantial control over the content of any such warning. Moreover, Perez's generalized causation allegations are entirely conclusory to the extent they can be read to suggest that the inadequate warning, itself, caused her injuries. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(4)(c) (requiring that the plaintiff's harm "result[ ]" from the inadequacy of the warning or instruction); *Rolen v. Burroughs Wellcome Co.*, 856 S.W.2d 607, 609 (Tex. App.—Waco 1993, writ denied) ("In a failure-to-warn case, the plaintiff must show that the warning was defective and that *this* failure to warn was the producing cause of the plaintiff's injury.") (citing *Technical Chemical Co. v. Jacobs*, 480 S.W.2d 602, 605 (Tex.1972)) (emphasis added); *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) ("[A]bsent specific allegations supporting a plausible causation inference," a conclusory assertion that defendant's conduct actually caused injury "does not state a claim for relief and warrants dismissal under Rule 12(b)(6)."), *cert. denied*, 141 S. Ct. 376 (2020). The fourth exception does not apply.

Lastly, Perez's pleadings fail with respect to the sixth immunity exception, which requires that the seller have *actual* knowledge that a product was defective at the time they supplied it to the public. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 82.003(a)(6). Actual knowledge is what a person "actually knows" as opposed to constructive knowledge,

which is what "a reasonably prudent person should have foreseen." *Tex. S. Univ. v. Gilford*, 277 S.W.3d 65, 70 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Perez generally claims that all three defendants failed to disclose and actively concealed known dangers. Dkt. No. 1-3 at 8. Elsewhere, Perez further claims that all defendants were "consciously aware that the incorporation of a properly designed steering system would reduce or eliminate" the risk of injury and "made the conscious decision to forego the incorporation of these design features[.]" Dkt. No. 1-3 at 9–10.

Perez's bare contentions regarding actual knowledge are speculative and insufficient to state a plausible claim to relief against the Payne Defendants. *See Marks v. Hudson*, 933 F.3d 481, 490 (5th Cir. 2019) (holding that claim was properly dismissed when the complaint "at most" made only "unwarranted conclusions about a defendant's actual knowledge."); *Giles v. Wal-Mart Louisiana LLC*, No. CV 16-2413, 2016 WL 2825778, at *6 (E.D. La. May 13, 2016) (on a motion to remand: "Plaintiff's bald assertion that all Defendants had actual or constructive knowledge of the allegedly defective condition is a conclusory allegation that the Court is not required to accept."); *Hennington v. Am. Exp. Co.*, No. CIV.A. 3:09-CV-569-DPJ-FKB, 2010 WL 1329003, at *3 (S.D. Miss. Mar. 29, 2010) (dismissing claim in which knowledge was alleged through "conclusory assertions that are unworthy of the presumption of truth[.]"); *Litson-Gruenber v. JPMorgan Chase & Co.*, No. CIV.A. 7:09-CV-056-0, 2009 WL 4884426, at *3 (N.D. Tex. Dec. 16, 2009) (dismissing claims in which defendants were alleged to have actual knowledge after court failed to "identify factual formulations that constitute actual knowledge."); *Lozano v. Donna I.S.D.*, No. 7:15-CV-58, 2015 WL 12837584, at *6 (S.D. Tex. July 13, 2015) (Alvarez, J.) (dismissing claim in which actual knowledge was alleged because "simply the words, without the requisite factual support, amounts to conclusory

allegations that cannot meet the pleading standard."), *aff'd sub nom. Lozano v. Donna Indep. Sch. Dist.*, 648 F. App'x 412 (5th Cir. 2016); *Coulter*, No. CV H-21-2105, 2022 WL 912778, at *3 (plaintiff's allegations that defendants had "actual, subjective awareness" of a risk of fuel spillage and fire, but "proceeded in conscious indifference" were threadbare recitals insufficient to state a claim under the TPLA's sixth immunity exception). The sixth exception, then, does not apply.

Because the Payne Defendants are immune from liability and the pleadings fail to bring Perez's claims within any recognized exception, the Court finds no reasonable basis to predict that Perez could recover against the Payne Defendants in connection with her products liability claims.[4] The Payne Defendants, therefore, are improperly joined and should be dismissed as parties to this suit. Further, since diversity jurisdiction exists over

---

[4] In objecting to removal, Perez also suggested that joinder of the Payne Defendants was proper on the strength of two legal sources not mentioned in her original pleadings. The first is *Nationwide Prop. & Cas. Ins. Co. v. Gen. Motors, LLC*, which Perez cites for the proposition that dealerships have some unspecified "role…in the recall process," and may incur "potential liability if they fail to comply with recall regulated obligations." 98 F. Supp. 3d 901 (S.D. Tex. 2015) (Costa, J.); Dkt. No. 8 at 2. The second is 15 U.S.C. § 2064, which Perez asserts "underscores the importance of public notification in addressing product hazards." Dkt. No. 8 at 2. Though courts are allowed to look beyond the complaint in removal disputes,—*Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997), *as amended on denial of reh'g* (Dec. 19, 1997)—the plaintiff cannot defeat removal by amending their complaint after the fact. *Dalton v. State Farm Lloyd's, Inc.*, No. CIV.A. H-12-3004, 2013 WL 3157532, at *3 (S.D. Tex. June 19, 2013) (Harmon, J.). The recall and public notification issues raised in Perez's post-removal objections are, at best, only tenuously related to various broad and vague statements in her original pleadings and, at worst, are entirely novel. At minimum, the specific sources and arguments which Perez raises in her objections appear nowhere in the original state court petition. Yet, even if the Court reached the merits of those arguments, it is clear that they have no application to the present facts. *Nationwide* involved a claim against a dealership which had serviced a truck and failed to warn the user of a product recall for a defective component, which later caused the truck to catch fire. *Nationwide*, 98 F. Supp. 3d at 902–03. Here, Perez does not allege that either of the Payne Defendants serviced her vehicle prior to the accident and, more importantly, there are no allegations that any recall had been issued of which the Payne Defendants had an obligation to notify the public. Accordingly, neither of the service bulletins which Perez attaches as exhibits to her removal objections are pertinent because these merely provide guidance for service agents when a customer presents their vehicle for maintenance. *See* Dkt. Nos. 8-1, 8-2. Finally, the cited statutory language pertains to the Consumer Product Safety Commission's ("CPSC") authority to order retailers to take certain actions intended to protect the public from products which it determines present a "substantial product hazard." 15 U.S.C. § 2064(c)(1). Again, there is no allegation that the CPSC made any such finding or issued any order relevant to this case.

the remaining properly joined parties, removal is proper.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Perez's Motion to Remand (Dkt. No. 8); and (2) **DISMISS** Payne Auto Group, Inc. and Payne Edinburg, LLC as parties to this action.

## V. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **19th** day of **September, 2025,** at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge